# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| OMEGA MEDICAL IMAGING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4323 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| COUNTY OF COOK, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Omega Medical Imaging, LLC ("Omega") brings this action against defendant Cook County alleging a breach of contract claim and asserting that Illinois' Local Government Prompt Payment Act (the "Act"), 50 ILCS 505/1 *et seq.*, entitles it to a one percent interest rate on certain Cook County invoices. Cook County has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court denies Cook County's motion to dismiss.

**Background**

The Court takes the following facts from the complaint and treats them as true for the purposes of deciding this motion. On March 7, 2019, Omega contracted with Cook County to manufacture, deliver, and install medical equipment for $525,000.00. Cook County agreed to pay twenty percent of this price as an initial deposit, seventy percent after Omega shipped the equipment, and ten percent either when the equipment was installed or sixty days after shipping, whichever was earlier. In addition, Section GC-11 of the contract required sixty days of good faith resolution efforts after either party notified the other of a dispute. Completion of these dispute resolution terms served as a condition precedent to any legal action.

Cook County did not pay its initial deposit. On March 22, 2019, when Omega shipped the equipment and invoiced Cook County for ninety percent of the purchase price due at that time, Cook County did not pay that amount either. Instead, Cook County Health Director of Supply Chain Management Genaro Piscitelli emailed Omega on April 8 requesting a change in the payment schedule and installment percentages. On April 11, Omega's President, Brian Fleming, wrote to Piscitelli providing notification of a dispute pursuant to Section GC-11 of the contract, declining to adopt the proposed changes, and inviting him to discuss any issues. On April 29, Cook County responded by terminating the contract. Omega contacted Cook County again on May 1 and May 14 and sent invoices on April 30, May 31, and June 24, but Cook County did not respond to any of these communications. Omega then filed this lawsuit.

**Legal Standard**

When considering dismissal of a complaint under Rule 12(b)(6), the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Breach of Contract Claim*

Viewing the facts in Omega's favor, its breach of contract claim survives Cook County's motion to dismiss. Under Illinois law, a breach of contract must include "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant;

2

and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (citation omitted). According to Omega, the parties entered into a written agreement for Omega to manufacture, deliver, and install medical imaging equipment in exchange for $525,000.00; Omega shipped the equipment and invoiced Cook County in accordance with the contract; Cook County failed to pay; and Omega has suffered harm based on Cook County's refusal to pay for the medical equipment. This claim for relief is facially plausible in that it alleges facts which, if true, allow the Court to reasonably infer that Cook County has breached its contract with Omega.

Whether Omega has met the condition precedent in Section GC-11 of the contract before initiating the present action is a question of fact inappropriate for determination at this early stage. Under Illinois law, ambiguous contracts are questions of fact, not law. *See Quake Const., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 994, 141 Ill.2d 281, 152 Ill. Dec. 308 (Ill. 1990). The contract between Omega and Cook County is ambiguous as to what constitutes notice under Section GC-11 because the contract does not specify the procedure by which the parties must notify each other. It follows that the interpretation of the dispute resolution provision is a question of fact better left for summary judgment or trial. The Court denies this aspect of Cook County's motion to dismiss.

*Illinois Local Government Prompt Payment Act*

Next, Omega contends that Cook County owes it statutory interest under the Illinois Local Government Prompt Payment Act ("Act") for failing to pay for the medical equipment. The Act provides:

> Any bill approved for payment pursuant to Section 3 shall be paid within 30 days after the date of approval. If payment is not made within such 30 day period, an interest penalty of 1% of any amount approved and unpaid shall be added for each month or fraction thereof after the expiration of such 30 day period, until final payment is made.

50 ILCS § 505/4. In its motion, Cook County asserts that it does not have to pay statutory interest under the Act because it is a home rule unit. Specifically, Cook County argues that it exercised its

3

home rule power when negotiating the payment terms, which preclude Omega from recovery damages for late payments.

In determining the constitutionality of exercise home rule, prior to 2011, Illinois courts used a three-part test. *Schillerstrom Homes, Inc. v. Naperville*, 762 N.E.2d 494, 498-99, 198 Ill. 2d 281, 260 Ill. Dec. 835 (Ill. 2001). In *Chicago v. StubHub, Inc.*, however, the test took on its present, simplified form, namely, "[i]f a subject pertains to local government and affairs, and the legislature has not expressly preempted home rule, municipalities may exercise their power." 979 N.E.2d 844, 851 n.2, 366 Ill. Dec. 43, 2011 IL 111127 (Ill. 2011). Courts construe home rule powers liberally. *Jones v. Calumet City*, 96 N.E.3d 456, 463, 420 Ill.Dec. 371, 2017 IL App (1st) 170236 (1st Dist. 2017).

A home rule unit of government has the power to enter contracts and specify the terms of payment, even if those terms contravene state law. *Amer. Health Care Providers, Inc. v. County of Cook*, 638 N.E.2d 772, 780, 265 Ill. App. 3d 919, 202 Ill. Dec. 904 (1st Dist. 1994). Cook County's negotiation of the present contract certainly pertains to its local government and affairs, *id.* at 777, and no language in the Act preempts home rule. The Court's inquiry, however, is not whether Cook County has home rule power to contract around the Act, but rather whether Cook County actually contracted around the Act's statutory interest in its agreement with Omega.

Omega argues that the contract can coexist with recovery under the Act, while Cook County contends that the contract's payment terms and the Act are in tension. To give context, Omega argues that although Section GC-15 prohibits damages that arise out of a delay in project completion, it does not prohibit damages arising out of a delay in payment. *See, e.g., Mechanical v. County of Cook*, 2013 IL App (1st) 121803-U, ¶ 26, 2013 WL 6061259, at *7 (1st Dist. 2013).[1] Omega

---

[1] Cook County maintains that Omega cannot rely on unpublished opinions to support its arguments pursuant to Illinois Supreme Court Rule 23(e)(1). Cook County's assertion is misplaced because courts in this district have consistently concluded that the Illinois Supreme Court's rules are considered procedural, not substantive under the *Erie* doctrine. *See First Merit Bank, N.A. v. Dziedzic*, 2014 WL 4638578, at *2 (N.D. Ill. Sept. 17, 2014).

4

also asserts that although the contract, specifically Section GC-06(d), prohibits it from invoicing Cook County for late fees, it does not prohibit Omega from collecting statutory interest under the Act. In contrast, Cook County argues that the parties' contract prohibits late fees and damages for late payments.

To resolve this dispute, the parties ask the Court to interpret the contract's language. In doing so, the Court runs into the same problem that it did with the parties' arguments concerning the condition precedent, namely, that certain parts of the contract's provisions are ambiguous. For example, under GC-15, it is not clear whether late payments qualify as a delay. And, as discussed, the interpretation of an ambiguous contract in Illinois is a matter of fact, not law. *Quake Const., Inc.* 565 N.E.2d at 994. Thus, the scope of the parties' contract with regard to collection of statutory interest under the Act is a factual matter not suited for determination at this point in the litigation.

**Conclusion**

For the foregoing reasons, the Court denies Cook County's motion to dismiss [14].

**IT IS SO ORDERED.**

Date: 2/12/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge